UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE CHUKWUEMEKA OBI, | : |
| Petitioner | : |
| | : CIVIL NO. 1:CV-05-0778 |
| vs. | : |
| | : (Judge Caldwell) |
| TROY WILLIAMSON, | : |
| Respondent. | : |

*M E M O R A N D U M*

I.   *Introduction.*

George C. Obi, an inmate at FCI-Allenwood, White Deer, Pennsylvania, has filed a pro se petition under 28 U.S.C. § 2241, challenging his drug convictions in the United States District Court for the Eastern District of Michigan. He raises the following grounds. First, he was tried and convicted on charges that had been dismissed. Second, the judgment on the "illegal convictions is no more extant," as the response from the Bureau of Prisons to a grievance he filed supposedly shows. Third, no record of the convictions exist.

We will deny relief because we have no jurisdiction over the first claim and the other two have no merit.

II.  *Background*.

As the petition and the exhibits to the government's opposition brief show, Petitioner was convicted after a jury trial in the United States District Court for the Eastern District of Michigan of conspiracy to possess with intent to distribute and to distribute heroin, and of aiding and abetting the possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and § 846.  *See United States v. Obi*, No. 2:00-CR-80690 (E.D. Mich.), available at www.mied.uscourts.gov.  Obi was sentenced to sixty-three months' imprisonment.  On direct appeal, his convictions were affirmed.  *See United States v. Obi*, 85 Fed. Appx. 440 (6th Cir. 2003)(nonprecedential).  According to the petition, on February 5, 2004, the Supreme Court denied Obi's petition for a writ of certiorari.[1]  In May 2005, Obi filed a motion under 28 U.S.C. § 2255 in the Eastern District of Michigan.  On April 4, 2005, the district court denied the motion.

---

[1] Actually, as Petitioner's own exhibits show, the Supreme Court did not consider Petitioner's certiorari application at that time.  Instead, Petitioner's filing was returned to him as not constituting a certiorari application.  Petitioner was also advised that if he was to file such an application, that the claims presented first had to have been reviewed by the court of appeals. (Doc. 12, Ex. F).

III. *Discussion*.

    A. *The Claim that the Charges Had Been Dismissed*.

The government argues that the 2241 petition must be dismissed for lack of jurisdiction because Petitioner's sole avenue for relief from his convictions is 28 U.S.C. § 2255. We agree as to the first claim because that claim goes to the legality of the criminal proceedings held in the Eastern District of Michigan.

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement" is a section 2255 motion. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). A challenge to either the validity of a conviction or to a sentence must be brought in a section 2255 motion. *See United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (Caldwell, J.). Here, the first claim clearly challenges Petitioner's convictions. Hence, his proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted and sentenced. *See* section 2255 ¶ 5 (the motion must be filed in "the court which sentenced him").

A defendant can pursue a 2241 petition only when he shows that the remedy under section 2255 would be "inadequate or

ineffective to test the legality of his detention." 28 U.S.C. § 2255 ¶ 5; *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *Cradle,* 290 F.3d at 538 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle,* 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

Here, Petitioner argues that his remedy under section 2255 was inadequate or ineffective for the following reasons. First, he claims to be actually innocent. Second, "disingenuous processes" were used to render his 2255 motion ineffective.

-4-

(Doc., Pet., ¶ 13(b)).  Third, there is no record of a conviction against Petitioner "upon which judgment is still in progress." (*Id.*, ¶ 13(c)).  Fourth, his 2255 motion was denied without a hearing.  (Doc. 12, Reply Br., p. 2).

None of these reasons is sufficient.  First, a claim of actual innocence is not sufficient if the petitioner had a reasonable opportunity to raise his claims, including his claim of actual innocence, in a 2255 motion.  *See Russell v. Pugh*, 143 Fed. Appx. 408, 410 (3d Cir. 2005)(nonprecedential); *Abdullah v. Hedrick*, 392 F.3d 957, 963 (8th Cir. 2004)(petitioner who had one previous unobstructed procedural opportunity to present his claim cannot invoke section 2241).  *Compare In re Dorsainvil*, *supra*, 119 F.3d at 249 (in part, section 2255 was inadequate or ineffective to challenge the defendant's conviction when a Supreme Court decision decriminalizing the defendant's conduct under the relevant statute had not been decided and hence had not been available to the defendant when he had filed his 2255 motion). Here, Petitioner does not argue that he could not have presented his claim of actual innocence in his 2255 motion.

Petitioner's second argument that "disingenuous processes" were used to render his 2255 motion ineffective is unavailing because it is conclusory.  Petitioner does not provide facts to support his assertion that "disingenuous processes" were

used in his 2255 motion.  *Cf. United States v. Thomas*, 221 F.2d 430, 437 (3d Cir. 2000)(2255 motion containing only vague and conclusory allegations may be disposed of without further investigation by the district court); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3d Cir. 1987)(bald assertions and conclusory allegations are insufficient in a habeas petition by a state prisoner under 28 U.S.C. § 2254 and "notice pleading is not countenanced in habeas petitions").

Petitioner's third argument is without merit for two reasons.  First, it does not go to any limitation on scope or procedure for deciding 2255 motions.  Second, the argument is based on an incorrect reading of a response from the Bureau of Prisons (BOP) to Petitioner's grievance demanding his immediate freedom.  The BOP's response was not that Petitioner's sentence had expired but that the judgment in his case had been "executed properly, as you were in exclusive federal custody at the time of sentencing on the basis of the conviction on which the sentence was imposed."  (Doc. 12, Ex. E).  The BOP's response said nothing about Petitioner having already served until the expiration of his sentence.

Petitioner's fourth argument is similarly meritless since a decision on the merits of a 2255 motion can be decided without holding a hearing.  *See United States v. Day*, 969 F.2d 39,

-6-

41 (3d Cir. 1992)(district court has discretion in deciding to hold a hearing on a 2255 motion and need not hold one if the records conclusively show the defendant is not entitled to relief).

We will therefore dismiss the first claim for lack of jurisdiction.

B.  *Petitioner's Remaining Claims*.

Petitioner's second claim is that the judgment on the "illegal convictions is no more extant" and his third claim is that no record of the convictions exist.  These claims go to the continued validity of his incarceration, rather than the validity of his conviction or sentence, and are therefore cognizable under section 2241.  *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (collecting federal cases).  *See also United States v. Wilson*, 503 U.S. 329, 334-35, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992) (a defendant dissatisfied with the BOP's calculation of his sentence can obtain judicial review under section 2241).

Neither of these claims has merit.  The second one is based on the response from the Bureau of Prisons to a grievance Petitioner filed.  However, as discussed above, the claim is based on an incorrect reading of a response from the BOP to Petitioner's grievance demanding his immediate freedom.  The BOP's response was

-7-

not that Petitioner's sentence had expired but that the judgment in his case had been "executed properly, as you were in exclusive federal custody at the time of sentencing on the basis of the conviction on which the sentence was imposed."  (Doc. 12, Ex. E). The BOP's response said nothing about Petitioner having already served until the expiration of his sentence.

The third claim is contradicted by the allegations Petitioner himself has made and the docket entries for his case in the Eastern District of Michigan.  The 2241 petition alleges that he was sentenced in the Eastern District of Michigan on May 21, 2002, under criminal docket CR-00-80690 after a jury trial.  (Doc. 1, 2241 Pet., p. 2.)  These allegations are confirmed by the docket entries on that court's electronic case filing system ("CM/ECF"), found on its website, www.mied.uscourts.gov.  We can take judicial notice of these entries, *see Swanger v. Zimmerman*, 750 F.2d 291, 297 (3d Cir. 1984)(taking judicial notice of state-court documents supplied by the petitioner on appeal)(citing *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 889 n.4 (3d Cir. 1975)); *Collier v. Dretke*, 2005 WL 1429738 at *1 n.5 (N.D. Tex.)(taking judicial notice of docket entries available on state-court website); *Johnson v. Crosby*, 2005 WL 1126863 at *2 n.1 (M.D. Fla.)(taking judicial notice of prisoner information available on a correctional department's website); *Nelloms v.*

*Dretke*, 2005 WL 1502176 at *1 n.2 (N.D. Tex.)(taking judicial notice of docket entries available on state-court website); *Boone v. Menifee*, 387 F. Supp. 2d 338, 343 n.4 (S.D.N.Y. 2005)(Maas, M.J.)(taking judicial notice of the petitioner's custody status from the BOP's website)(report adopted at 2005 WL 2234031 (S.D.N.Y.).  Judicial notice is especially appropriate here given Petitioner's admissions in his petition.

     We will issue an appropriate order.

                        /s/William W. Caldwell
                        William W. Caldwell
                        United States District Judge

Date: November 2, 2005

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
GEORGE CHUKWUEMEKA OBI,        :
                               :
        Petitioner             :
                               :   CIVIL NO. 1:CV-05-0778
        vs.                    :
                               :   (Judge Caldwell)
TROY WILLIAMSON,               :
                               :
        Respondent.            :
```

*O R D E R*

AND NOW, this 2nd day of November, 2005, upon consideration of the petition (doc. 1) under 28 U.S.C. § 2241, it is ordered that:

    1. Petitioner's first claim, that he was tried and convicted on charges that had been dismissed, is dismissed for lack of jurisdiction.

    2. The remaining claims are denied.

    3. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge
